# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: LIFEWATCH, INC., TELEPHONE CONSUMER
PROTECTION ACT  (TCPA) LITIGATION**                         MDL No. 2653

## ORDER DENYING TRANSFER

**Before the Panel**:  Plaintiff in one action in the Northern District of Illinois moves under 28 U.S.C. § 1407 to centralize this litigation in the Central District of California. This litigation currently consists of three actions pending in three districts, as listed on Schedule A.   The actions allege that Lifewatch, Inc., or an agent acting on its behalf, placed automated or prerecorded telemarketing calls involving medical alert products and services to plaintiffs' residential and wireless numbers without their consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq.

All defendants oppose centralization,[1] as does plaintiff in the Eastern District of New York action.  Plaintiff in the Central District of California supports centralization in that district.

On the basis of the papers filed and the hearing session held, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation.  Proceedings in two of the three actions are significantly advanced.  In the Northern District of Illinois action, discovery has been progressing for nearly a year, and the scheduling order provides for a jury trial in two months. In the Central District of California action, discovery has been in progress for nearly two years and a trial date has been set.  Centralization in these circumstances is likely to delay resolution of the actions.  *See, e.g., In re: Sirius XM Radio, Inc., Tel. Consumer Prot. Act (TCPA) Litig.*, ___ F. Supp. 3d ___, 2015 WL 4710316 (J.P.M.L. Aug. 7, 2015).

Additionally, where only a minimal number of actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate.  *See In re: Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010).  Plaintiff has not met that burden here.  These cases already are being managed in an orderly and efficient manner, and the issues presented are not particularly complex.  Common defendant Lifewatch is represented by the same counsel in all actions, and there are few involved plaintiffs.  Thus, the parties are well-situated to resolve any overlapping pretrial proceedings that may remain.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

---

[1]  The defendants are Lifewatch, Inc., Lifewatch Security, Inc., and Safe Home Security, Inc.

-2-

PANEL ON MULTIDISTRICT LITIGATION

_____

Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

**IN RE: LIFEWATCH, INC., TELEPHONE CONSUMER
PROTECTION ACT  (TCPA) LITIGATION**                    MDL No. 2653

## SCHEDULE A

### Central District of California

SACCHI v. LIFEWATCH, INC., ET AL., C.A. No. 5:13-02064

### Northern District of Illinois

SALAM v. LIFEWATCH, INC., C.A. No. 1:13-09305

### Eastern District of New York

BANK v. LIFEWATCH, INC., ET AL., C.A. No. 1:15-02278